**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| WILHELM ROBERTO STRAUBE, | No. 08-72054 |
| Petitioner, | Agency No. A027-623-342 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

Wilhelm Roberto Straube, a native and citizen of Guatemala, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

asylum, withholding of removal, relief under the Convention Against Torture,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

suspension of deportation, and special rule cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's findings of fact, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992), and review de novo questions of law, *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's finding that Straube was deportable as an alien who entered the United States without inspection where Straube twice conceded the allegation before the IJ. Contrary to Straube's contention, entry without inspection was a ground of deportability at the time of Straube's entry. *See* 8 U.S.C. § 1251(a)(2) (1976).

The BIA adequately addressed Straube's claim of ineffective assistance of counsel. Substantial record evidence supports the BIA's finding that Straube did not comply with the procedural requirements to establish an ineffective assistance of counsel claim. *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988).

Because Straube was imprisoned for more than 180 days for petty theft with a prior during the relevant time period, he is statutorily barred from showing good moral character, *see* 8 U.S.C. § 1101(f)(7), as required for suspension of deportation, *see* 8 C.F.R. § 1240.65, and special rule cancellation of removal, *see* 8 C.F.R. § 1240.66.

Straube's remaining contentions are not persuasive.

We deny the motion for appointment of counsel contained in Straube's opening brief, and we deny the motion for stay of removal filed on September 12, 2011.

**PETITION FOR REVIEW DENIED.**